HOGUE *v.* UNITED STATES (No. 2668) [1]

PARTS OF ALTARS—SANCTUARY LAMP.

A sanctuary lamp, which is a lamp required by Roman Catholic Church law to be kept always burning before the altar at a distance from it depending upon the "structure of the building and the local conveniences," not to serve any practical illuminating purpose, but to signify the presence of the sacrament and the Lord, is not an essential component of the altar; and, as the two are separate and independent entities, neither dependent upon the other for the performance of its proper, ordinary, and separate functions, is not a part of the altar within paragraph 1674, Tariff Act of 1922.

United States Court of Customs Appeals, February 25, 1926

APPEAL from Board of United States General Appraisers, Abstract 49899

[Affirmed.]

*James R. Ryan* for appellant.

*Charles D. Lawrence,* Assistant Attorney General (*William H. Futrell,* special attorney, of counsel), for the United States.

[Oral argument December 14, 1925, by Mr. Ryan and Mr. Lawrence]

Before GRAHAM, Presiding Judge, and SMITH, BARBER, BLAND, and HATFIELD, Associate Judges

HATFIELD, Judge, delivered the opinion of the court:

Merchandise, described in the entry as "one. (1) case bronze church ornaments" and consisting of a sanctuary lamp composed of metal and plated with gold, was assessed for duty by the collector at 60 per centum ad valorem under paragraph 399 of the Tariff Act of 1922, the pertinent part of which reads as follows:

PAR. 399. Articles or wares not specially provided for, if composed wholly or in chief value of platinum, gold, or silver, and articles or wares plated with platinum, gold, or silver, or colored with gold lacquer, whether partly or wholly manufactured, 60 per centum ad valorem; * * *

---

[1] T. D. 41437.

It was claimed in the protest that the merchandise was free of duty under paragraph 1674 of the Tariff Act of 1922, which reads as follows:

PAR. 1674. Altars, pulpits, communion tables, baptismal fonts, shrines, or parts of any of the foregoing, and statuary, imported in good faith for presentation (without charge) to, and for the use of, any corporation or association organized and operated exclusively for religious purposes.

It appears from the record in the case that the sanctuary lamp is from 3 to 4 feet in length; that it was imported in good faith "for presentation (without charge) to, and for the use of" the chapel of St. Charles College, at Catonsville, Md.; that when in use the lamp is suspended from the ceiling in the sanctuary and is about 20 feet from the altar. In reply to an inquiry as to the purpose of the lamp in the sanctuary, the appellant, a Roman Catholic priest, testified as follows:

Well, as a part of our belief, tenet of our belief, we recognize Our Lord is present in the tabernacle, in the church, and for that reason, first as a mark of respect we keep that light burning constantly day and night. And in the second place it is also a signal to anybody who enters that church that He is present, that the Blessed Sacrament is present.

It further appears that the chapel would not be complete without a sanctuary lamp, that the lamp does not serve any practical illuminating purpose, and that the altar and the lamp are both essential furnishings in the sanctuary. According to canonical law, in the words of one of the witnesses:

A sanctuary lamp must always be burning before the altar within the sanctuary. The distance from the altar is immaterial, of course that all depends on the structure of the building and the local conveniences, and so forth, but it must be before the tabernacle, or at least within the sanctuary so that anyone coming into the church at any time just by seeing that lamp may know that the Blessed Sacrament is present in that tabernacle. That is the fundamental reason for it. That lamp is not at all for illumination purposes, it is simply for a sign for what we believe to be the Blessed Presence.

The trial court overruled the protest and the importer appealed.

It is claimed by the appellant that the sanctuary lamp in question is a part of an altar, and free of duty as such under paragraph 1674, supra.

It clearly appears from the record that the imported lamp is in no sense physically a part of the altar. It is not a piece, fraction, segment, or section of an altar; nor is it in any physical sense necessary to the completeness of such article. It does not in any way aid or contribute to the proper function of an altar, except that, according to the canons of the Roman Catholic church, both must be present in the sanctuary. Moreover, when the lamp in question is in use, it hangs suspended from the ceiling of the sanctuary, a distance of

20 feet from the altar; and the distance such lamps may be placed from the altars depends only upon the "structure of the building and the local conveniences."

Since the lamp is not an essential component of an altar, and as the two articles are separate and independent entities, neither dependent upon the other for the performance of its proper, ordinary, and separate functions, the lamp can not be said to be a part of an altar within the meaning of paragraph 1674, *supra*. *Decorated Metal Manufacturing Co. (Inc.), an American Manufacturer,* v. *United States and Pickfords Colonial (Inc.)*, 12 Ct. Cust. Appls. 140, T. D. 40061, and cases therein cited.

The article in question was imported to be used solely for religious purposes. It was within the province of Congress to make provision for the free entry of all articles used for such purposes, but it has not done so.

The paragraph in question provides for free entry of altars and parts thereof. There is no provision therein for sanctuary lamps; and, as a sanctuary lamp is not a part of an altar as commonly understood, it can not be held free of duty thereunder.

The judgment is *affirmed*.